## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ASPEN TECHNOLOGY, INC.,

                Plaintiff,

v.

STEVEN WALTER,

                Defendant.

Civil Action No. 1:19-cv-11292

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Steven Walter submits this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Superior Court of Massachusetts, County of Middlesex, where the action is now pending.

## I.   TIMELINESS OF REMOVAL

1.      Plaintiff Aspen Technology, Inc. ("Plaintiff" or "Aspen") filed a civil action in the Superior Court of Massachusetts, County of Middlesex, entitled *Aspen Technology, Inc. v. Steven Walter*, Civil Action No. 1981CV01589 (the "State Court Action"), on or about June 5, 2019.

2.      On June 5, 2019, Mr. Walter received by hand delivery copies of the following documents filed in the State Court Action: (1) Complaint; (2) Summons and Order of Notice; (3) Civil Action Cover Sheet; (4) Civil Tracking Order; (5) Notice of Appearance of Kurt Wm. Hemr as counsel for Plaintiff; (6) Notice of Appearance of Christopher G. Clark as counsel for Plaintiff; (7) Plaintiff's Corporate Disclosure Statement; (8) Plaintiff's Emergency Motion for a

1

Temporary Restraining Order (with Proposed Temporary Restraining Order); (9) Memorandum

of Law in Support of Plaintiff's Emergency Motion for a Temporary Restraining Order; (10)

Declaration of Robert Minaglia; (11) Declaration of Mark G. Spencer; (12) Transmittal

Declaration of Stephen M. Karp; (13) Plaintiff's Motion for Appointment of Special Process

Servers; (14) Order Appointing Special Process Servers; and (15) Plaintiff's Ex Parte Motion for

Short Order of Notice on Emergency Motion for Temporary Restraining Order. Copies of those

documents – which are the only process, pleadings, orders and other papers served on Mr.

Walter, or known by Mr. Walter to have been filed or issued, in the State Court Action – are

attached at Exhibits 1-15. *See* 28 U.S.C. § 1446(a).

3.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within

thirty (30) days after service of process on Defendant.

## II.    VENUE

4.      The Superior Court of Massachusetts, County of Middlesex, is located within the

District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because

it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      Removal is appropriate under this Court's diversity jurisdiction. *See* 28 U.S.C. §

1332. A party may remove a pending state court action to federal court where the matter is

between citizens of different states, and the amount in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a).

6.      Plaintiff Aspen is a Delaware corporation with its principal place of business in

Bedford, Massachusetts. *See* Exhibit 1 (Complaint), ¶ 9.

7.      Defendant Steven Walter resides in Londonderry, New Hampshire. *See id.*, ¶ 10;

*see also* Exhibit 16 (Affidavit of Steven Walter ("Walter Aff.")), ¶ 2.

2

8.      In its Complaint, Aspen alleges that Mr. Walter breached his obligations to Aspen

under a Proprietary and Confidential Information and Non-Competition and Non-Solicitation

Agreement (the "Non-Competition Agreement"). To remedy those alleged breaches, Aspen

requests temporary, preliminary, and permanent injunctive relief requiring Mr. Walter to refrain

from engaging in various types of conduct, and also to take affirmative steps purportedly

required to remedy his alleged breaches of the Non-Competition Agreement. *See* Exhibit 1

(Complaint), 20-22. Aspen has not quantified the harm that Mr. Walter's alleged breaches of his

purported obligations have caused it to suffer (or will cause it to suffer if its request for

injunctive relief is not granted), and it has asserted that that harm is "difficult to quantify" – but it

has characterized the harm as "substantial and irrevocable," "severe[]," and "irreparable." *See*

*id.*, ¶¶ 27, 49, 64, 70, 73, 80, 81, 88, 89, 96, & 97; *see also* Exhibit 9 (Plaintiff's Memorandum of

Law in Support of its Emergency Motion for a Temporary Restraining Order), 12-14. Aspen also

seeks damages, costs, attorneys' fees, and expenses in amounts that it has not specified. *See*

Exhibit 1 (Complaint), 22.

9.      Because Plaintiff seeks injunctive relief, and not a specific amount of monetary

damages, the amount in controversy is measured by the "judgment's pecuniary consequences to

those involved in the litigation." *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir.

2004) (internal citations omitted). Indeed, the First Circuit has recognized that when a plaintiff is

seeking injunctive relief to affirmatively protect and enforce its rights against the defendant's

"purported conduct" – as Aspen is here – "[i]t is logical and more feasible . . . that the amount in

controversy be assessed from the defendant's perspective (i.e., the cost to the defendant if the

right is enforced) because the cost of complying with a particular remedy may be easier to

discern." *CE Design Ltd. v. American Economy Insurance Co.*, 755 F.3d 39, 48 (1st Cir. 2014);

3

*see also In re M3Power Razor Sys. Marketing & Sales Practices Litig.*, Civil Action Nos. 05-11177-DPW, 05-12336-DPW, 2007 WL 128846, at *4 (D. Mass. Jan. 11, 2007) (assessing the amount in controversy, for diversity purposes, by looking at the cost to a defendant corporation of complying with plaintiff's requested injunction requiring defendant to make corrective advertising).

10.     Here, Plaintiff seeks, among other things, an injunction "temporarily, preliminarily, and permanently enjoin[ing]" Mr. Walter from working for his current employer, AVEVA Software, LLC ("AVEVA"), in his current position (or in any other that involves providing services to AVEVA that are "substantially similar to or competitive with" any project in which he was engaged in the twelve months immediately prior to his departure from Aspen). *See* Exhibit 1 (Complaint), 20-21. Mr. Walter's annual compensation in his position with AVEVA is $215,000 in base salary, plus potential bonus compensation of up to $144,000. *See* Exhibit 16 (Walter Aff.), ¶ 3. Thus, the amount that Mr. Walter stands to lose if Aspen's request for injunctive relief is granted, and the Non-Competition Agreement is enforced, is at least the $215,000 in base salary that he presently earns at AVEVA on an annual basis. *See, e.g., Kurra v. Synergy Computer Solutions, Inc.*, Civil Action No. 15-cv-13952-ADB, 2016 WL 5109132, at *5 (D. Mass. Sept. 19, 2016) (holding that the amount in controversy, in a case concerning the enforceability of a non-competition agreement between Synergy and Mr. Kurra, was "best approximated by the amount Kurra stands to lose" if the one-year term of the agreement were enforced – i.e., the amount of his annual salary with his new employer).

11.     The $75,000 amount in controversy requirement for removal to federal court on the basis of diversity jurisdiction – as measured by the cost to Mr. Walter if the Non-Competition Agreement is enforced and the requested injunction is entered – is therefore met.

12.     Removal is appropriate under 28 U.S.C. § 1441(b) because this Court has

diversity jurisdiction over Plaintiff's claims, and all other prerequisites for removal of this case

to the United States District Court for the District of Massachusetts have been fulfilled.

## IV.     **CONCLUSION**

13.     To date, Defendant has not filed a responsive pleading in Plaintiff's state court

action, nor have other proceedings transpired in that action.

14.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a notice to the state

court of its removal of this action to federal court, along with a copy of this Notice, in the

Superior Court of Massachusetts, County of Middlesex.  Additionally, Defendant will serve a

copy of the notice to the state court and a copy of this Notice on Plaintiff's counsel.

15.     In accordance with Local Rule 81.1, Defendant will file with this Court attested

copies of all records, proceedings, and docket entries in the state court within twenty-eight (28)

days of the date of this Notice.

16.     By removing this matter, Defendant does not waive, or intend to waive, any

defense, including, but not limited to, insufficiency of process and insufficiency of service of

process.

WHEREFORE, Defendant Steven Walter respectfully requests that the Court take

jurisdiction of this action and issue all necessary orders and process to remove said action from

the Superior Court of Massachusetts, County of Middlesex, to the United States District Court

for the District of Massachusetts.

Respectfully submitted,

**STEVEN WALTER**

By his attorneys,

/s/ Alexandra E. Shaw
Neil V. McKittrick (BBO #551386)
Patrick M. Curran, Jr. (BBO #659322)
Alexandra E. Shaw (BBO #694534)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel. 617-994-5700
Fax 617-994-5701
neil.mckittrick@ogletree.com
patrick.curran@ogletree.com
alexandra.shaw@ogletree.com

Date: June 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2019 a true and accurate copy of the foregoing document was served upon counsel for Plaintiff by e-mail and first class mail as follows:

Kurt Wm. Hemr, Esq. (kurt.hemr@skadden.com)
Christopher G. Clark, Esq. (christopher.clark@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116

/s/ Alexandra E. Shaw
Alexandra E. Shaw

38875807.1

7