UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ASPEN TECHNOLOGY, INC.,                     :

            Plaintiff,              :      Civil Action
     v.                                             No. 19-11292-GAO
                        :
STEVEN WALTER,                                 :

            Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFF ASPEN TECHNOLOGY, INC.'S**
**OPPOSITION TO DEFENDANT STEVEN WALTER'S**
**EMERGENCY MOTION TO AMEND TEMPORARY RETRAINING ORDER**


Plaintiff Aspen Technology, Inc. ("AspenTech") respectfully submits this Opposition to Defendant Steven Walter's Emergency Motion To Amend the Temporary Restraining Order ("TRO") that this Court entered on Friday, June 21, 2019 following full briefing by the parties and the presentation of oral argument by the parties' counsel:

1.      Walter's Emergency Motion should be denied and Walter should be required to comply with the TRO.  As Walter acknowledges, AspenTech readily agreed to treat material obtained from Walter's electronic devices and information on an "Attorneys' Eyes Only" basis for purposes of the expedited review that must take place before the hearing that the Court has scheduled for next Wednesday, July 3, 2019 (nine days from now).  AspenTech requires that a computer forensics expert obtain access to those devices and information without further delay so that that expert may report prior to that hearing.

2.      As a threshold matter, Walter's emergency motion seeks a second bite at the apple, in that it requests reconsideration of a TRO the Court entered after comprehensive

briefing and a hearing.  The standard applicable to a motion for reconsideration is exceedingly high and requires a showing of newly discovered evidence or a manifest error of law -- a standard Walter cannot meet here.  See Fed. R. Civ. P. 59(e); Oulton v. Brigham & Women's Hosp., Inc., No. 12-10550-GAO, 2014 WL 7405752, at *1 (D. Mass. Dec. 30, 2014) (O'Toole, J.).  Walter's Emergency Motion fails to present any newly discovered evidence, fails to identify any intervening change in the law, and fails to identify any manifest error of law by this Court.

3.    The TRO requires Walter, among other things, to produce certain devices and information to AspenTech so that AspenTech could have the information examined by a computer forensics expert (the "Paragraph 3 Materials").  Paragraph 3 of the TRO tracks the relief requested in AspenTech's motion and proposed order that were filed more than three weeks ago.  Walter had ample time and opportunity to present arguments in opposition to AspenTech's motion, and in fact did so both in writing and orally at the June 20, 2019 hearing before this Court.  The Court considered Walter's arguments and entered the TRO.

4.    AspenTech requires access to the Paragraph 3 Materials not only to recover AspenTech materials wrongfully misappropriated by Walter, but also to identify the full extent of his wrongdoing.[1]  If, for example, Walter accessed a sensitive AspenTech file moments before or after opening other pertinent files, that may be critical in understanding Walter's conduct and to rebut any cover story that Walter might proffer.  Walter's purported concern for his "personal tax information, family photographs, and other personal financial and other information" (Emergency Motion at 2) is a red herring:  AspenTech has no interest in Walter's

---

[1]    Walter's putative "willingness" to work with AspenTech materialized only after this Court calendared a hearing on AspenTech's emergency motion for a temporary restraining order. For two weeks, Walter ignored AspenTech's letters and court filings.  Now, even after a TRO has entered, Walter continues to resist providing AspenTech with full and complete information.

family photographs and accordingly AspenTech proposed an "Attorneys' Eyes Only" protocol

prior to Walter's filing of his Emergency Motion which would have fully addressed that concern:

> To protect the confidentiality interests of all parties, we agree that circulation of any documents located by Arsenal [the forensic consultant] in its work should be restricted to our two firms and to AspenTech's in-house counsel only, except that AspenTech will not be restricted in its own circulation of documents that appear on their face to be AspenTech documents (e.g., AspenTech's in-house counsel will not be restricted from showing any of the company's own documents to non-legal personnel at AspenTech).  Also, the substantive content of any documents and information located by Arsenal should be filed under seal unless we otherwise agree.

(Email from Christopher Clark to Patrick Curran dated June 24, 2019, attached as Exhibit B to

Curran Decl., ECF No. 24-1.)   That "Attorneys' Eyes Only" protocol would protect the

confidentiality and privacy interests of the parties and is consistent with the provisions of a

typical court-ordered confidentiality and protective order.

5.    Walter and his counsel have been in possession of the Paragraph 3

Materials for weeks.  They have it all; AspenTech has nothing.  Through this motion, Walter is

asking for an asymmetrical result:  he and his counsel will be fully informed about the contents

of all of the Paragraph 3 Materials, but AspenTech will only receive some information in

accordance with a complex protocol that permits Walter and his counsel to insert additional

delays.  That result would be patently unfair and inappropriate both in light of Walter's conduct

to date and the further hearing in this action scheduled for next Wednesday, July 3, 2019.

6.    AspenTech is not indifferent to the confidentiality interests of Walter's

new employer, AVEVA Group plc and its affiliates ("AVEVA"), but AVEVA is not a party to

this action and is not before the Court.  In any event, AVEVA's interests are adequately

protected by the "Attorneys' Eyes Only" protocol that AspenTech already voluntarily proposed

and agreed to implement.

7.    AspenTech's proposal that Arsenal Consulting ("Arsenal") serve as the computer forensics expert is entirely appropriate.  Arsenal is a highly capable computer forensics firm located in the Boston area and is already knowledgeable regarding the facts of this action, having already reviewed Walter's AspenTech-issued laptop in connection with this action. Arsenal is sufficiently independent to perform this work:  Arsenal is not a party to this action and is not being compensated by AspenTech for its work based on either the conclusions that it reaches or the outcome of this action.  Walter's suggestion that some other firm should be used ignores numerous questions, including how that firm will be compensated and whether Walter would be permitted to direct that firm to limit its investigation into matters that he deems "off limits" -- as he surely will -- which will impair or delay that urgent investigative work.

8.    If Walter's Emergency Motion is denied, AspenTech will comply with the "Attorneys' Eyes Only" protocol that it voluntarily proposed to Walter prior to Walter's filing of his Emergency Motion.

WHEREFORE, AspenTech respectfully requests that the Court deny Walter's Motion in its entirety.

Dated:    June 24, 2019
          Boston, Massachusetts

Of Counsel:

Stephen M. Karp (BBO #654114)
James S. D'Ambra, Jr. (BBO #687828)
Aspen Technology, Inc.
20 Crosby Drive
Bedford, Massachusetts 01730
(781) 221-6400

Respectfully submitted,

/s/ Kurt Wm. Hemr
Kurt Wm. Hemr (BBO #638742)
Christopher G. Clark (BBO #663455)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
kurt.hemr@skadden.com
christopher.clark@skadden.com

Counsel for Plaintiff
Aspen Technology, Inc.

4